UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mumbi Mwangi,

    Plaintiff,

v.                                                 MEMORANDUM OPINION
                                                   AND ORDER
                                                   Civil No. 09-3396

Dale Braegelmann and
Susan Pladson d/b/a
Prudential Pladson Realty,

    Defendants.

_____

    P. Chinedu Nwaneri, Esq., Nwaneri Associates, PLLC, Counsel for Plaintiff.

    Thomas P. Kane and Shushanie E. Kindseth, Hinshaw & Culbertson LLP, Counsel for Defendants.

_____

This matter is before the Court upon Defendants' motion for summary judgment.

**Factual Background**

Plaintiff is a black female who was born in Kenya. At the time in question, she was a professor at St. Cloud State University. On September 9, 2006, Plaintiff

called Defendant Dale Braegelmann ("Braegelmann"), the listing agent[1] for a home for sale in St. Cloud, Minnesota, to inquire about whether she could arrange to view the home. Braegelmann inquired of Plaintiff as to whether she was pre-approved for a mortgage, to which the Plaintiff replied that she was not. Braegelmann informed Plaintiff that he would only show the home to someone who was pre-approved. After speaking with Braegelmann, Plaintiff did not seek pre-approval for a mortgage, and never contacted Defendants again for the purpose of pursuing a possible purchase of the home.

One of Plaintiff's friends, Aspa Rigopoulou-Melcher, listened in on the phone conversation between Plaintiff and Braegelmann. When Plaintiff was not able to schedule a viewing with Braegelmann, Rigopoulou-Melcher called another real estate agent, Sandy Klocker, to arrange a viewing. Rigopoulou-Melcher is a former client of Klocker, so Klocker agreed to show her and Plaintiff the home. (Kindseth Aff., Ex. G (Klocker Dep. at 19).) Plaintiff testified that after she viewed the home, she was no longer interested in it. (Id. Ex. D (Plaintiff Dep. at 48).)

---

[1] Defendant Braegelmann is an independent contractor that works for Defendant Susan Pladson d/b/a Prudential Pladson Realty. There are no separate allegations of discrimination asserted against Defendant Pladson.

Plaintiff contacted the St. Cloud Human Rights Department and spoke with Baba Odukale. (Plaintiff Aff. ¶ 16.) Thereafter, Silvia Ferraretto, the Community Services Director for the St. Cloud area, contacted Braegelmann at the direction of Odukale, to arrange to view the home that Plaintiff had previously been interested in. According to her notes, Ferraretto did not have an extended conversation with Braegelmann, who had simply told her another agent would call her back. (Kindseth Aff. Ex. I (Ferraretto Dep. at 20); Ex. J.) The next day, Braegelmann's partner, Linda McCarney, called Ferraretto. (Id. at 24.) During this conversation, Ferraretto told McCarney she was calling on behalf of her daughter, who was looking for a home. (Id.) Ferraretto's notes indicate that McCarney offered advice about their website and told her to pick four or five homes that she wanted to tour. (Id., Ex. J.) McCarney then asked what the price range was and if her daughter had a lending institution. (Id.) McCarney also suggested that Ferraretto's daughter get an idea of what she could afford so she could show her appropriately priced homes. (Id.) No appointments were set to view any homes during that conversation, however. (Id., Ex. I (Ferraretto Dep. at 25).)

Plaintiff asserts that although she and Braegelmann never met, she does

have an accent from which Braegelmann could infer she was black. Plaintiff believes that Braegelmann's demeanor during their phone conversation was rude and dismissive.

The Minnesota Department of Human rights conducted an investigation and concluded there was probable cause to believe that an unfair discriminatory practice has been committed. (Plaintiff Aff. Ex. 8.) Rather than proceed administratively, Plaintiff instead filed this action, alleging claims under 42 U.S.C. §§ 1981 and 1982. Plaintiff also seeks punitive damages.[2]

**Standard for Summary Judgment**

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). The party seeking summary judgment bears the burden of showing that there is no disputed issue of material fact. <u>Celotex</u>, 477 U.S. at 323. This burden can be met "by 'showing' -

---

[2]In the prayer for relief, Plaintiff also seeks an award under Minn. Stat. § 363A.33, subd. 6 and Minn. Stat. § 363A.29, subd. 4 for engaging in unfair discriminatory practice. In her brief in opposition, Plaintiff does not include any argument or analysis under Minnesota law. Accordingly, the Court will construe Plaintiff's complaint as asserting only claims under federal law.

that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." Id. at 325. The party opposing summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir.1995).

**Analysis**

Plaintiff alleged that Defendants violated both Sections 1981 and 1982 by discriminating against her on the basis of race. Section 1981 prohibits discrimination on the basis of race in the making and enforcement of contracts and Section 1982 prohibits racial discrimination in the sale or rental of real or personal property. To prevail on a claim under either section, Plaintiff must prove: she is a member of a racial minority; she applied for and was qualified to purchase certain property; she was rejected; and the property remained available. Selden Apts v. U.S. Dept. of Housing & Urban Dev., 785 F.2d 152, 159 (6th Cir. 1986). Claims brought under §§ 1981 and 1982 are analyzed under the burden-shifting framework set forth in McDonnell Douglas. Dirden v. Dept. of Housing & Urban Dev., 86 F.3d 112, 114 (8th Cir. 1996). Plaintiff must also prove discriminatory intent. Id.

Defendants argue the facts are undisputed that Plaintiff cannot establish that she was ever qualified to purchase the home because she never received pre-approval for a mortgage or presented other evidence from which the Court could determine that she was financially qualified.  See Mencer v. Princeton Square Apts, 228 F.3d 631, 634-35 (6th Cir. 2002); Burks v. Eagan Real Estate, Inc., 742 F. Supp. 49, 52 (N.D.N.Y. 1990) (finding summary judgment appropriate where plaintiffs could not establish they were qualified to purchase the property at issue); Russell v. Popper, 914 F.2d 1494 (Table) (6th Cir. 1990) (summary judgment appropriate where sale of condominium to plaintiff never took place because plaintiff did not secure financing).

The Court finds that there is a fact issue as to whether Plaintiff was qualified to purchase the home.  The record includes evidence that she was a professor at St. Cloud State University at the time in question, and that the home at issue was modestly priced at $119,000.  (Mwangi Decl., Ex. 2.)

Defendants argue that Plaintiff has also failed to establish discriminatory intent.  Sections 1981 and 1982 prohibit race discrimination only, not discrimination on the basis of national origin, gender, age or religion.  Jones v. Alfred H. Mayer Co., 392 U.S. 409, 413 (1968).  Because Braegelmann only spoke

with Plaintiff over the phone on one occasion, and never met Plaintiff, he did not know Plaintiff's race. See Village of Bellwood v. Dwivedi, 895 F.2d 1521 1529-30 (7th Cir. 1990) ("Disparate treatment" means treating a person differently because of his race; it implies consciousness of race, and a purpose to use race as a decision-making tool."); Robinson v. Adams, 847 F.2d 1315 (9th Cir. 1988) (finding that an employer cannot intentionally discriminate against race unless the employer knows of the applicant's race).

Plaintiff responds that because she has a distinct accent, it is likely that Braegelmann knew she was black based on her accent alone. See Clifford v. Com., 7 S.W.3d 371, 375 (Ky 2000) (finding that a person could identify another's race by their voice alone where the person is familiar with general accents or speech patterns). In addition, Plaintiff's friend, Rigopoulou-Melcher, testified that Braegelmann likely knew Plaintiff was African based on her name. (Id.)

Based on the above, the Court finds that there are also genuine issues of fact as to whether Braegelmann knew that Plaintiff was black.

The Court further finds that Defendants have put forth a legitimate, non-discriminatory reason for Braegelmann not showing Plaintiff the house at issue. Braegelmann testified that the house had previously been under contract, but

7

that the sale fell through when the buyer's financing fell through. (Ryan Carlson Aff. ¶¶ 1-5.) The sellers thereafter instructed Braegelmann not to show the property unless they had been pre-approved for a mortgage. (Id.)

To prove the pre-approval requirement is a pretext for discrimination, Plaintiff notes that another potential buyer, Silvia Ferraretto - who has a European name and does not speak with an accent - was treated differently than Plaintiff. When Braegelmann spoke with Ferraretto, Braegelmann did not immediately ask if she was pre approved for the loan. Instead, he told her his partner, McCarney, would call her back. When McCarney called her back, McCarney also did not specifically ask if Ferraretto was pre-approved for a mortgage. At her deposition, Ferraretto testified that while she did not set up any appointments to view any homes with McCarney, she is certain that McCarney would have set up such appointments if asked. (Id., Ex I (Ferraretto Dep. at 26).)

The Court finds that there are genuine issues of material fact as to whether the pre-approval requirement was a pretext for discrimination. Accordingly, the Court must deny Defendants' motion for summary judgment.

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment [Doc. No. 20] is DENIED.

Date: May 16, 2011

                                       s/ Michael J. Davis
                                       Michael J. Davis
                                       Chief Judge
                                       United States District Court

Civil No. 09-3396